SAN MARCIAL LAND & IMP. Co. and others *v.* STAPLETON.

*(Supreme Court of New Mexico. January 6, 1887.)*

APPEAL—EQUITY—DECREE NOT WARRANTED BY BILL—REMAND FOR AMENDMENT.

Where complainants have filed a bill, relying for relief upon certain grounds alleged therein, and have obtained a decree in their favor upon such grounds, which cannot be sustained upon the grounds on which it was granted, they cannot have such decree sustained on appeal on other grounds than those relied upon in their bill, although the same may show a cause for relief, but the cause will be remanded, with leave to amend; otherwise to dismiss.[1]

Appeal from district court, Socorro county.

Bill to enjoin sale under a mortgage. Judgment for complainants. Defendant appeals.

*Fiske & Warren* and *R. T. Posey,* for appellant, Stapleton. *Bell & Field,* for appellees, San Marcial Land & Imp. Co. and others.

HENDERSON, J. Complainants filed their bill in the district court for Socorro county on the ninth day of November, 1883, in which they make the following allegations, in substance: That on the twenty-fifth day of July, 1882, appellant, Stapleton, by deed of that date, conveyed the lands described in the bill to appellee Zimmerman, taking a note for $2,000 for the deferred payment of the purchase money on the sale,—the execution by Zimmerman of a mortgage of that date as security therefor; that Zimmerman afterwards sold and conveyed the same lands to appellee corporation by deed of general warranty, and that Zimmerman was the holder of a large majority of the capital stock of the corporation; that appellant, by his deed to Zimmerman, covenanted and guarantied that he, the appellant, had not himself committed, or permitted others to commit, any act in anywise impairing or affecting the title to said land, or any portion thereof; that appellant is insolvent; that he had executed a certain mortgage of the same land, dated October 24, 1866, to one Charles P. Clever, to secure the payment of certain notes therein de-

[1] See note at end of case.

scribed, aggregating the sum of $4,950, and which mortgage was recorded in the recorder's office of Socorro county, and remains unsatisfied and a cloud upon appellees' title, and a breach of the above alleged warranty of appellant; that appellant was advertising and threatening to sell the mortgaged lands on November 16, 1883, under the power of sale contained in the mortgage to him from Zimmerman, and the prayer of the bill is for injunction restraining the sale, and for general relief.

On January 2, 1884, appellant filed his plea and answer. The plea set up the territorial statute of limitations of February 1, 1858, against the Clever mortgage. The answer admits the conveyance by appellant to Zimmerman, and the note and mortgage from Zimmerman to him, but avers that the deed from him to Zimmerman was a quitclaim conveying only the title he then had, and denied that the alleged guaranty enlarged the title conveyed. He also denied that the alleged breach of the guaranty impaired or affected the title conveyed by the deed, or that he was insolvent. It is admitted that the appellant had advertised and was about to offer the lands for sale under the power contained in the mortgage, and prayed for the dissolution of the temporary injunction, and the dismissal of the bill.

The cause was submitted on the pleadings, and thereupon the court rendered a final decree making the injunction perpetual restraining appellant from selling the lands under the Zimmerman mortgage. From this decree an appeal was taken to this court.

The chancellor, in deciding the cause, reduced his findings to writing, which have been copied into the transcript, and constitute a portion of the record before us. From this opinion it seems that the sole ground for the decree perpetually restraining a sale under the Zimmerman mortgage was the alleged breach of the covenant of warranty or guaranty against incumbrance contained in the deed from appellant to Zimmerman on account of the Clever mortgage. Counsel for appellees, in a commendable spirit of fairness, in open court, concedes that the court below was in error in enjoining the sale for the reasons stated in the opinion, but insists that the decree is nevertheless correct, although a wrong reason was given in making it. He now urges upon our consideration that, although the bill does not, in specific terms, allege the power in the mortgage to have been so loosely and indefinitely framed that it could not have been enforced, still that it is our duty, in the absence of any allegation whatever of oppression, fraud, injustice, or injury to complainants in any way so far as their equities are concerned arising out of the power conferred by Zimmerman, to uphold the decree, if, in our judgment, such power was incapable of enforcement in the manner threatened by appellant.

Without further inquiry into the terms employed in the mortgage to create the power, we think it sufficient to say that the pleadings, taken as a whole, and the judgment of the court below, do not furnish the slightest ground for supposing that the complainants sought the injunction and relief prayed for and granted on account of the insufficiency of the power to warrant a sale by the trustee. It is not alleged that the mortgagee is about to proceed in an improper or oppressive manner to execute the power, or that the sale threatened would not be authorized by the terms employed in the mortgage. The oppression and injury alleged as impending grew out of the facts stated as grounds of equitable interposition on account of the breach of the covenant contained in the deed against incumbrance.

"The court will enjoin a sale only when the petitioner's rights are clear or free from reasonable doubt. He must also show a good reason for the interference of the court. He must show that the mortgagee is about to proceed in an improper or oppressive manner, and not that he might adopt a different remedy. In general, a stronger case must be presented to the court to obtain an injunction against a proposed sale under a power than to obtain a decree setting it aside, after it is made." 1 Jones, Mortg. § 1805.

If it be true, as stated by the learned author of the text above quoted, that it is necessary, in order to enjoin a sale under a power, to "show a good reason for the interference of the court," complainants have wholly failed, as the only reason shown by the bill is confessed by counsel for appellees to be insufficient. To affirm the decree below on the ground contended for here would be in violation of fundamental principles in the law of equity pleadings.

"An original bill praying the decree of the court touching rights claimed by the person exhibiting the bill, in opposition to the rights claimed by the person against whom the bill is exhibited, must show the rights of the plaintiff or person exhibiting the bill, by whom and in *what manner* he is injured, or in what he wants the assistance of the court." Mitf. Ch. Pl. 65.

Although in bills in equity the same precision of statement that is required in the pleadings at law is not attainable, yet it is *absolutely necessary* that such a convenient degree of certainty should be adopted as may serve to give the defendant full information of the case which he is called upon to answer. 1 Daniell, Pl. & Pr. 421.

"The stating part of a bill ought fully to unfold and expound the plaintiff's case." Story, Pl. § 33. See, also, section 253.

Had the pleader, in drawing the bill, relied in any respect upon the insufficiency of the power to warrant the mortgagee in carrying it into effect by a sale as threatened, and had defectively or insufficiently set out the particular reasons or grounds, and the defendant had answered or filed pleas, it would have been too late to make the objection here; but in the record before us the power was not assailed, and constituted no part of the equitable grounds alleged for relief.

"The supreme court, in appeals or writs of error, shall examine the record, and on the facts therein contained alone shall award a new trial, reverse or affirm the judgment of the district court, or give such other judgment as to them shall seem agreeable to law." Section 2190, Comp. Laws N. M.

"No exception shall be taken, in an appeal, to any proceeding in the district court, except such as shall have been expressly decided in that court." Section 2188, Comp. Laws.

There is nothing in section 2190, above quoted, authorizing the court to hear the case brought by appeal or writ of error, or upon grounds other than such as appear to have been made in the court below and considered there, or to create, by construction or intendment, new and distinct issues. While it is true that section 2188 applies to appellants, and denies to them the right to assign errors and insist upon them, unless expressly decided in the district court, it will apply with equal force, by inference and analogy, to appellees who seek to shift the ground on which the bill and decree stand, in order to lay hold of a surer footing in equity, when that ground was not covered in the cause as it stood in the lower court.

The decree is reversed, with costs against appellees, and the cause remanded for further proceedings, with leave to complainants, if they so elect, to amend their bill, otherwise to dismiss the cause.

LONG, C. J., and BRINKER, J., concur.

### NOTE.

APPEAL—QUESTIONS RAISED. The decision that the decree would not be sustained upon a different ground from that upon which it was asked is only an application of the general rule that questions not raised and passed upon below will not be considered upon appeal. The rule at law is similar to that in equity. In Mathews v. City of Cedar Rapids, (Iowa,) 45 N. W. Rep. 894, the action was against both the city and the abutting owner, for personal injuries caused by a defective sidewalk. The judgment was for defendants, and the plaintiff's assignments of error were only as to the admission of evidence and the giving of instructions. On appeal it was urged that the city could not be liable in any case, because the accident occurred off the traveled walk which the city was required to repair. The court held that, even conceding that such was the undisputed fact, it could not make an order to

that effect, since it did not appear that the question was raised or passed upon below. So in Heflin v. Burns, (Tex.) 8 S. W. Rep. 48, it is held that no benefit could be allowed to parties from testimony to facts not alleged in the pleadings. But in *Florida*, it seems that an appeal opens the whole case, and that the defendant, through he does not appeal, is entitled to take advantage of any errors committed to his prejudice. Foster v. Ambler, 5 South. Rep. 263; O'Neil v. Percival, 5 South. Rep. 809.

Where, after a trial by the court, the unsuccessful party neither moves to set aside the finding nor for a *venire de novo*, he cannot, on appeal, have the judgment rendered on the finding reversed, though the finding was so radically defective as not to justify the rendition of any judgment thereon. Bohr v. Neuenschwander, (Ind.) 22 N. E. Rep. 416. But where, on appeal from a motion denying a new trial, it appears that a number of liens against lands were adjusted upon the erroneous theory that all liens prior to a certain judgment had been satisfied, and it is plain that justice cannot be done without a new trial, the case will be reversed as to the judgment creditor, although no motion was made for a new trial of the issues between him and the appellants. Whipperman v. Dunn, (Ind.) 24 N. E. Rep. 1045.